**UNITED STATES of America, Appellee,**

v.

**Anthony A. SMITH, Defendant–Appellant.**

No. 06–5753–cr.

United States Court of Appeals, Second Circuit.

April 2, 2008.

---

Mitchell S. Kessler, Cohoes, NY., for Petitioner.

Paul D. Silver and Carl G. Eurenius (on brief), Assistant United States Attorneys, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY., for Respondent.

* The Honorable Leonard B. Sand, United States District Judge for the Southern District

PRESENT: Hon. JOSEPH M. MCLAUGHLIN and Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Petitioner–Appellant Anthony Smith was convicted, following a jury trial, of conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 846. Based on Smith's prior criminal history, he was subject to a mandatory minimum sentence of 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). At sentencing, the district court determined Smith's criminal history to be category V. It also found there were 26.72 grams of cocaine base for which Smith was responsible. Under the then-applicable Sentencing Guidelines, that quantity yielded an offense level of 28 resulting in a sentencing guidelines range of 130 to 162 months' imprisonment. *See* U.S.S.G. § 2D1.1(c). Smith was sentenced principally to 140 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Smith does not contest his underlying conviction. He does contest his sentence, arguing that the district court erred in finding that the cocaine base proved in connection with his jury conviction was "crack" cocaine for purposes of calculating his sentence under the Guidelines. Although to convict, the jury had to have found that the substance involved was cocaine base, as charged in the indictment, Smith asserts that there was insufficient evidence introduced at trial to support a finding that the substance was

of New York, sitting by designation.

"crack" cocaine.[1] "[F]acts supporting a sentence must be found by a jury when they are either (1) a condition of guilt of the crime, or (2) permit a higher maximum sentence to be imposed." *United States v. Holguin*, 436 F.3d 111, 117 (2d Cir.2006). But, "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*." *United States v. Florez*, 447 F.3d 145, 156 (2d Cir.2006) (internal quotations and citation omitted). We evaluate a district court's findings of fact under the clearly erroneous standard. *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006) (citing *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005)).

In *United States v. Snow*, 462 F.3d 55 (2d Cir.2006), this Court was previously faced with the question of whether a defendant's sentence violated his Sixth Amendment rights where the jury, by its verdict, found that the defendant had trafficked in cocaine base, and the judge determined for guidelines purposes that the substance at issue was "crack" cocaine. *Id.* at 65. This Court held "[b]ecause it was the jury's finding that [the defendant] was guilty of crimes involving 'cocaine base' that subjected him to the statutory maximum of life imprisonment, there was no Sixth Amendment infirmity with the district court finding that the 'cocaine base' was in fact 'crack cocaine,' since this finding did not permit a higher statutory maximum." *Id.* Similarly, in this case, the jury's verdict convicting Smith of a conspiracy to possess with intent to distribute and distribute cocaine base involving five or more grams of cocaine base subjected Smith to a statutory sentencing range from 10 years' to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). The district court's finding that the cocaine base was "crack" cocaine altered neither the lower nor the upper end of that range. Additionally, the district court's finding that the cocaine base for which Smith was convicted was crack cocaine was not clearly erroneous as there was sufficient testimony at trial that the substance at issue was crack cocaine.

The Court is in agreement with both parties, however, that the case should be remanded to the district court in accordance with our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008). Because it is not clear that the district court understood its now clear authority to depart from the 100:1 crack to cocaine ratio, we cannot determine on appeal whether there was sentencing error. Accordingly, we remand to the district court for the limited purpose of determining whether it would have imposed a non-Guidelines sentence had it been aware that "the cocaine Guidelines, like all other Guidelines, are advisory only." *Id.* at 145 (quoting *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007)).

On November 1, 2007, moreover, the Sentencing Commission amended the Sentencing Guidelines to reduce the base offense level associated with the different quantities of crack, *see* U.S.S.G. § 2D1.1 (2007), and made the amendments retroac-

---

1. The U.S.S.G. § 2D1.1 application note (D) states " '[c]ocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *Id.* The criminal statutes referring to cocaine base do not contain a similar definition nor a defini-

tion of any type. *See* 21 U.S.C. § 841(b)(1)(B)(iii). In *United States v. Jackson*, 968 F.2d 158 (2d Cir.1992), this court "decline[d] to equate cocaine base with 'crack' cocaine," when used in the statute, noting that in the statute, "Congress used the chemical term 'cocaine base' without explanation or limitation." *Id.* at 162.

44

tive, *see* U.S.S.G. § 1B1.10(c). While on remand, Smith may also invoke the district court's jurisdiction to modify the previously imposed sentence in accordance with the new Guidelines ranges by moving to modify the sentence pursuant to 18 U.S.C. § 3582(c)(2). *See Regalado,* 518 F.3d at 150–51.

We do not reach the issue argued by Appellant of whether the district court may depart from the 100:1 crack to cocaine sentencing ratio based on the level of purity of the crack cocaine involved. Instead, we believe that the matter is best left for the district court to consider in the first instance, which it is free to do on remand.

For the reasons stated above, the judgment of conviction is AFFIRMED, and the case is REMANDED for further proceedings consistent with this order.